## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY, CAMDEN DIVISION

_____

|  |  |  |
|---|---|---|
| **EXCELSIOR INSURANCE COMPANY** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO: |
| | : | |
| **ABSOLUTE MARKETING, INC., individually and** | : | |
| **doing business as JAN-PRO CLEANING** | : | |
| **SYSTEMS OF THE DELAWARE VALLEY** | : | |
| | : | |
| Defendant | : | |

_____

### COMPLAINT

Plaintiff, Excelsior Insurance Company, by and through undersigned counsel, Marshall, Dennehey, Warner, Coleman and Goggin, hereby files the instant Complaint against the Defendant, and in support thereof avers as follows:

**I.    THE PARTIES**

1.    Plaintiff Excelsior Insurance Company is an insurance company organized and existing under the laws of the State of New Hampshire with it's principal place of business located at 62 Maple Avenue, Keene, NH 03431.

2.    Defendant Absolute Marketing, Inc., individually, and d/b/a Jan-Pro Cleaning Systems of The Delaware Valley is a corporation organized and existing under the laws of the state of New Jersey, with it's principal place of business located at 410 White Horse Pike, Haddon Heights, New Jersey  08035.

3.    Currently and at all times relevant hereto, Excelsior is/was authorized to conduct business in the state of New Jersey as an insurance company.

**II.    JURISDICTION AND VENUE**

4.    This Honorable Court has jurisdiction over this matter by virtue of diversity

jurisdiction pursuant to 28 U.S.C. §1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

5.     Venue in this judicial district is proper under 28 U.S.C. §1391.

6.     This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201, *et seq.* for the purpose of determining a question in actual controversy between the parties, as more particularly set forth herein.

## III.     FACTUAL BACKGROUND

7.     Plaintiff Excelsior Insurance Company (hereinafter "Excelsior Insurance") issued to defendant a policy of insurance bearing number CBP9917934 with a policy period from December 8, 2005 to December 8, 2006 (hereinafter "the 2005 policy").  Subsequent renewal policies were issued with policy periods from December 8, 2006 to December 8, 2007 (hereinafter "the 2006 policy") and from December 8, 2007 to December 8, 2008 (hereinafter "the 2007 policy").  A true copy of the 2005 policy is attached hereto as Exhibit "A".  A true copy of the 2006 policy is attached hereto as Exhibit "B".  A true copy of the 2007 policy is attached hereto as Exhibit "C".

8.     The policies contain the following provisions, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGES A BODILY INJURY AND PROPERTY DAMAGE
              LIABILITY**

**1.     Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle

any claim or "suit" that may result. But:

\*        \*        \*

b.        This insurance applies to "bodily injury" and "property damage" only if:

    \*        \*        \*

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    \*        \*        \*

e.        Damages because of "bodily injury" include damages claimed by any person or  organization for care, loss of services or death resulting at any time from the "bodily injury".

## SECTION V – DEFINITIONS

    \*        \*        \*

3.        "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    \*        \*        \*

13.        "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    \*        \*        \*

17.        "Property damage" means:

    a.        Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.        Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*        \*        \*

**2.        Exclusions**

This insurance does not apply to:

**a.        Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.        Insuring Agreement**

a.        We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have not duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But;

\*        \*        \*

b.        This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

SECTION V – DEFINITIONS

\*        \*        \*

14.        "Personal and advertising injury" means injury, including

4

consequential" bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owners, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's  goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

9.   The policies also contain the following provisions, in pertinent part:

**COVERAGE – EMPLOYEE BENEFITS LIABILITY**

**1.   Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of any act, error or omission, of the insured, or of any other person for whose acts the insured is legally liable, to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.  We may, at our discretion, investigate any report of an act, error or omission and settle any "claim" or "suit" that may result. But:

*        *        *

b. This insurance applies to damages only if:

(1) The act, error or omission, is negligently committed in

5

the "administration" of your "employee benefit program";

(2) The act, error or omission, did not take place before the Retroactive Date, if any, shown in the Schedule nor after the end of the policy period; and

(3) A "claim" for damages, because of an act, error or omission, is first made against any insured, in accordance with Paragraph c. below, during the policy period or an Extended Reporting Period we provide under Paragraph G. of this endorsement.

\*       \*       \*

H.    For the purposes of the coverage provided by this endorsement, the following definitions are added to the Definitions Section:

1. "Administration" means:

a. Providing information to "employee", including their dependents and beneficiaries, with respect to eligibility for or scope of "employee benefit programs";

b. Handling records in connection with the "employee benefit program"; or

c. Effecting, continuing or terminating any "employee's" participation in any benefit included in the "employee benefit program".

However, "administration" does not include handling payroll deductions.

4. "Employee benefit program" means a program providing some or all of the following benefits to "employees", whether provided through a "cafeteria plan" or otherwise:

a. Group life insurance: group accident or health insurance; dental, vision and hearing plans; and flexible spending accounts; provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to all "employee" who are eligible under the plan for such benefits;

b. Profit sharing plans, employee savings plans, employee stock ownership plans, pension plans and stock

6

subscription plans, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to all "employees" who are eligible under the plan for such benefits;

c. Unemployment insurance, social security benefits, workers' compensation and disability benefits;

d. Vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans, transportation and health club subsidies; and

e. Any other similar benefits designated in the Schedule or added thereto by endorsement.

I.     For the purposes of the coverage provided by this endorsement, Definitions 5. and 18. in the Definitions Section are replaced by the following:

\*          \*          \*

5. "Employee" means a person actively employed, formerly employed, on leave of absence or disabled, or retired.  "Employee" includes a "leased worker".  "Employee: does not include a "temporary worker".

## 2.     Exclusions

This insurance does not apply to:

### a.     Dishonest, Fraudulent, Criminal Or Malicious Act

Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error, or omission, committed by any insured, including the willful or reckless violation of any statute.

\*          \*          \*

### f.     Workers Compensation and Similar Laws

Any "claim" arising out of your failure to comply with the mandatory provisions of any workers compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

7

**j.      Employment-Related Practices**

Damages arising out of wrongful termination of employment, discrimination, or other employment related practices.

10.     The policies also contain the following provisions, in pertinent part:

**M.      KNOWLEDGE OF OCCURRENCE, OFFENSE, CLAIM OR SUIT**

1.      Under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**, the following is added to Condition

**2. Duties in the Event of Occurrence, Offense, Claim or Suit:**

Knowledge of an "occurrence", offense, claim or "suit" by an agent, servant or "employee" of any insured shall not in itself constitute knowledge of the insured unless an insured listed under paragraph **1**. of **SECTION II – WHO IS AN INSURED** or a person who has been designated by them to receive reports of occurrences, offenses, claims and "suits" shall have received such notice from the agent, servant or "employee".

2.      This endorsement provision M. does not apply when it is shown in the Schedule as not applicable.

**O.      BODILY INJURY REDEFINED**

Under **SECTION V – DEFINITIONS**, definition 3. is replaced by the following:

3.      "Bodily Injury" means physical injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

11.     The policies also contain the following provisions, in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

8

### EMPLOYMENT – RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

　　　*　　　*　　　*

(c)　Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

　　　*　　　*　　　*

B. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

　　　*　　　*　　　*

(c)　Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

　　　*　　　*　　　*

12.　Giovani Depianti and Hyun Ki Kim filed a demand for arbitration with The American Arbitration Association at AAA Arbitration No. 11 114 00838 07. A true copy is attached hereto as Exhibit "D" (hereinafter "the Demand"). Included with the Demand was narrative of the claim which states:

### Name of Claimants

Giovani Depianti and Hyun Ki Kim, on behalf of themselves and on behalf of all others similarly situated

<u>**The Nature of the Dispute**</u>
Respondents Jan-Pro franchising International, Inc. and the regional companies that administer Jan-Pro franchises (including, e.g., Bradley Mktg. Enterprises, Inc. in Massachusetts, Clean Sir LLC in Pennsylvania, and Absolute Marketing, Inc. in New Jersey, all doing business as "Jan-Pro Cleaning Systems") sell cleaning franchises to individuals (primarily non-English-speaking immigrants) for large franchise fees (in the thousands of dollars). Respondents make systemic misrepresentations about the franchises to these individuals, engage in unfair and deceptive business practices in the sale and administration of these franchises, and systemically breach their contracts with the "franchisees" to pay more money to get additional work – indeed, Respondents know that they do not have sufficient business to satisfy their obligations to their "franchisees." In addition, Respondents have improperly misclassified these workers as independent contractors and thereby denied them various benefits to which they are entitled as employees under the wage laws of various states, including guaranteed minimum wage, overtime pay, other wage protections, and other benefits of employment, such as eligibility for unemployment and workers' compensation.

<u>**Dollar Amount of Claim**</u>
Claimants seek restitution for all franchise fees and other payments made to Respondents by claimants and all those similarly situated; restitution for Respondents' misrepresentations, breaches of contract, and unfair and deceptive business practices; restitution for the misclassification of the workers as independent contractors and resulting wage law violations; statutory enhancement of all damages (as allowed for by law); attorneys' fees and costs; and any other relief to which the aggrieved claimants and those similarly situated may be entitled.

13.    Excelsior Insurance has issued a reservation of rights to defendant.

14.    For the reasons stated below, Excelsior Insurance seeks a declaratory judgment against the defendant.

<u>**COUNT I - DECLARATORY JUDGMENT**</u>

15.    Excelsior Insurance incorporates by reference the averments contained in paragraphs 1-14 above as if fully stated at length herein.

16.    The policies provide coverage for "personal injury", advertising injury, "property damage" or bodily injury". Under the policies, the allegations in the Demand do not fall within the definitions of "personal injury", advertising injury, "property damage" or bodily injury",

including those changes to the definition of bodily injury under the CGL Extension
Endorsement.

17.    The Demand does not allege any facts which could be construed as bodily injury,
as no physical or mental injury is alleged.

18.    As to property damage, the allegations do not constitute physical damage to
property.

19.    As to personal/advertising injury, no defamation, false imprisonment, wrongful
eviction or privacy violations are alleged.

20.    Excelsior Insurance seeks a declaration that there is no liability coverage under
the policies for the defendant regarding the Demand and Plaintiff seeks a declaration that it does
not owe defense and/or indemnification to defendant regarding the Demand.

**WHEREFORE**, plaintiff Excelsior Insurance Company requests that judgment be
entered as follows:

1)    Declaring that the claims and damages asserted against defendant in the
Demand are not covered by the policies of insurance issued to defendant .
bearing number CBP991794, including all renewals;

2)    Declaring that Excelsior Insurance Company has no duty to defend and no
duty indemnify defendant for the arbitration at AAA Arbitration No. 11 114
00838 07;

3)    That judgment be entered in Plaintiff's favor and against the Defendant;

4)    Awarding Plaintiff its costs, fees and expenses, and

5)    Awarding such other relief as the Court deems just, proper, and equitable.

<u>**COUNT II - DECLARATORY JUDGMENT**</u>

11

21.     Excelsior Insurance incorporates by reference the averments contained in paragraphs 1-20 above as if fully stated at length herein.

22.     The policies exclude from coverage employment related practices.  Under the policies and the Employment-Related Practices Exclusion, the allegations in the Demand are excluded as "employment-related practices".

23.     Excelsior Insurance seeks a declaration that there is no liability coverage under the Policy for the defendant regarding the Demand and Plaintiff seeks a declaration that it does not owe defense and/or indemnification to defendant regarding the Demand.

**WHEREFORE**, plaintiff Excelsior Insurance Company requests that judgment be entered as follows:

1)     Declaring that the claims and damages asserted against defendant in the Demand are not covered by the policies of insurance issued to defendant . bearing number CBP991794, including all renewals;

2)     Declaring that Excelsior Insurance Company has no duty to defend and no duty indemnify defendant for the arbitration at AAA Arbitration No. 11 114 00838 07;

3)     That judgment be entered in Plaintiff's favor and against the Defendant;

4)     Awarding Plaintiff its costs, fees and expenses, and

5)     Awarding such other relief as the Court deems just, proper, and equitable.

<u>**COUNT III - DECLARATORY JUDGMENT**</u>

24.     Excelsior Insurance incorporates by reference the averments contained in paragraphs 1-23 above as if fully stated at length herein.

25.     Under the policies and the coverage for "property damage" and "bodily injury",

the accident, claim, damages or loss must have been caused by an "occurrence".

26.     The allegations in the Demand do not constitute an "occurrence".

27.     Furthermore, the allegations are excluded by the intentional act exclusion and the dishonest acts exclusion in the policies.

28.     Excelsior Insurance seeks a declaration that there is no liability coverage under the Policy for the defendant regarding the Demand and Plaintiff seeks a declaration that it does not owe defense and/or indemnification to defendant regarding the Demand.

**WHEREFORE**, plaintiff Excelsior Insurance Company requests that judgment be entered as follows:

1)     Declaring that the claims and damages asserted against defendant in the Demand are not covered by the policies of insurance issued to defendant . bearing number CBP991794, including all renewals;

2)     Declaring that Excelsior Insurance Company has no duty to defend and no duty indemnify defendant for the arbitration at AAA Arbitration No. 11 114 00838 07;

3)     That judgment be entered in Plaintiff's favor and against the Defendant;

4)     Awarding Plaintiff its costs, fees and expenses, and

5)     Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT IV - DECLARATORY JUDGMENT

29.     Excelsior Insurance incorporates by reference the averments contained in paragraphs 1-28 above as if fully stated at length herein.

30.     To the extent that one may claim coverage under the employee benefits liability coverage provisions, the allegations in the Demand do not constitute acts, errors or omissions

arising from the "administration" of an "employee benefit program".  Therefore, there is no coverage under the policies.

31.     In addition, under the employee benefits liability coverage provision the allegations in the Demand are excluded from coverage because the policy and the coverage provision excludes coverage for dishonest acts.

32.     In addition, under the employee benefits liability coverage provision the allegations in the Demand are excluded from coverage because the policy and the coverage provision excludes coverage for workers compensation and similar laws

33.     In addition, under the employee benefits liability coverage provision the allegations in the Demand are excluded from coverage because the policy and the coverage provision excludes coverage for employment related practices

34.     In addition, the employee benefits liability coverage is on a claims-made basis. As such, to the extent that the defendant made a claim(s) to Excelsior Insurance outside the policy period(s) or outside the requirements set forth in the policies, there is no coverage.

35.     Excelsior Insurance seeks a declaration that there is no liability coverage under the Policy for the defendant regarding the Demand and Plaintiff seeks a declaration that it does not owe defense and/or indemnification to defendant regarding the Demand.

**WHEREFORE**, plaintiff Excelsior Insurance Company requests that judgment be entered as follows:

1)     Declaring that the claims and damages asserted against defendant in the Demand are not covered by the policies of insurance issued to defendant . bearing number CBP991794, including all renewals;

2)     Declaring that Excelsior Insurance Company has no duty to defend and no

duty indemnify defendant for the arbitration at AAA Arbitration No. 11 114

00838 07;

3)      That judgment be entered in Plaintiff's favor and against the Defendant;

4)      Awarding Plaintiff its costs, fees and expenses, and

5)      Awarding such other relief as the Court deems just, proper, and equitable.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:      /s/ Steven J. Polansky
Steven J. Polansky, Esquire
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002
(856) 414-6014 telephone
(856) 414-6077 facsimile
Attorney for Plaintiff Excelsior Insurance Co.

Date:   November 17, 2008

06/1380744.v1

15